In re Deward J. MONTGOMERY, Individually and t/a Artway Custom Homes; Phyllis Dalton Montgomery, Bankrupts-Appellees.

VALLEY LUMBER CORPORATION, Appellant,

v.

Jerry H. GEISLER, Trustee, Appellee.

No. 75–1206.

United States Court of Appeals, Fourth Circuit.

Argued June 10, 1975.

Decided July 8, 1975.

James P. Hart, Jr., Roanoke, Va. (Gilmer, Sadler, Ingram, Sutherland & Hutton, Pulaski, Va., on brief), for appellant.

Jerry H. Geisler, pro se.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Affirming the order of the Bankruptcy Judge, the District Court voided a transfer of real property in trust to Valley Lumber Corporation by the bankrupts under Section 67d(2)(a) and (b) of the Bankruptcy Act, 11 U.S.C. Section 107d(2)(a) and (b). The Bankruptcy Judge concluded that the transaction had not been made in good faith and served only to provide Valley, an unsecured creditor, with "a simple means of gaining a possible preference over other creditors." On appeal Valley asserts that its promise to provide the bankrupts with building materials on credit evidenced its good faith in the transaction and served as "fair consideration" to support the transfer. We disagree.

The existence or absence of good faith in the transaction is a factual question to be determined by the Bankruptcy Judge and is reversible only if clearly erroneous.[1] At the time of both the transaction and the filing of the petition, the bankrupts were insolvent. They executed the deed of trust solely to obtain additional credit from Valley with which to purchase building supplies to complete several houses then under construction. Valley's promise notwithstanding, no additional credit was extended. Despite Valley's past practice of calling on the bankrupts to solicit orders, no effort was made to contact the bankrupts after the transaction. The houses under construction remained incompleted. Against this backdrop of uncontradicted evidence, we conclude that the finding of the Bankruptcy Judge, affirmed by the District Court, that the transaction lacked the requisite good faith, was not clearly erroneous.[2] The judgment of the District Court should be *Affirmed.*

---

1. *Monson v. First National Bank of Bradenton* (5th Cir. 1974) 497 F.2d 135, 137–8; *Tepper v. Chichester* (9th Cir. 1960) 285 F.2d 309, 312; *see also* Rule 52(a), Federal Rules of Civ. Proc., 28 U.S.C.

2. *In Re Southern Land Title Corporation* (5th Cir. 1973) 474 F.2d 1033, 1037; *De Aragon v. Chase Manhattan Bank* (1st Cir. 1972) 457 F.2d 263, 266.